Moore v. Fitzpatrick.

⁎

### GEO. W. MOORE v. NANCY FITZPATRICK.

1. BAILMENT. *Demand.* In an ordinary case of bailment or deposit of money or goods to be kept for the depositor, and delivered when called for, no action will lie for the conversion of the deposit, until there has been a demand and refusal.

2. DEBT. *Demand.* Where a debt is created, payable on demand, no demand is necessary: the demand made by the suit is sufficient.

Case cited: Bryant v. Puckett, 3 Hay., 252.
Code cited: Sec. 1947.

3. WRITING. *Construction.* The following paper writing construed to be a simple acknowledgment, on the part of the maker, of a debt due on demand, to-wit: "$100. Brownsville, Tenn., March 1, 1870. Received of Nancy Fitzpatrick, colored, at the hands of Wm. Scott, one hundred dollars, on deposit, for the use of which I am not to pay any interest. Signed, G. W. Moore."

FROM LAUDERDALE.

Appeal from the Circuit Court. THOS. J. FLIPPIN, Judge.

LYNN & OLDHAM for complainant.

Moore v. Fitzpatrick.

Conner & Richardson for defendant.

McFarland, J., delivered the opinion of the court.

Nancy Fitzpatrick brought this action against Geo. W. Moore, the evidence of her claim being the following paper:

"$100.                    Brownsville, Tenn., March 1, 1870.

Received of Nancy Fitzpatrick, colored, at the hands of William Scott, one hundred dollars, on deposit, for the use of which I am not to pay any interest.

(Signed)                                G. W. Moore."

It appears that Scott obtained possession of the paper in some unauthorized manner, and placed it in the hands of an agent of his, to whom Moore paid the money. Failing to obtain the money from Scott (being informed that he had received it), the plaintiff brought this suit against Moore and recovered.

There was no proof of a demand upon the defendant before the action was brought. The Circuit Judge held that this was not necessary; and this is the only question made for a reversal.

It is no doubt true that in an ordinary case of bailment, or deposit of money or goods to be kept for the depositor, and delivered when called for, that no action will lie for the conversion of the deposit until there has been a demand and refusal.

On the other hand, where a debt is created by the transaction, payable on demand, no demand is necessary, the demand made by the suit being sufficient. Such is the provision of our Code, sec. 1947; and so it was held in *Bryant* v. *Puckett*, 3 Hay., 252.

We must, therefore, construe the writing in the present case, and determine to which class the transaction belongs.

Neither the form of the writing nor the particular words used are conclusive in determining its meaning. It is called a receipt, and says the money was received on deposit; and there is not in terms any promise to pay or return the money to the plaintiff. Yet it is apparent that the defendant was not to keep and return to the plaintiff the same identical money, but was to use the money if he desired to do so, and be responsible to the plaintiff for an equal amount, without interest, when called for—as the writing shows that the defendant was not to pay interest for the use of the money. In other words, this writing is, in substance, a simple acknowledgment upon the part of the defendant that he was indebted to the plaintiff in the sum of one hundred dollars, on demand.

Although there is an apparent hardship in making the defendant liable for costs, without any notice that a return of the loan is desired, still this is the letter of the statute.

Let the judgment be affirmed.